UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIABLE RESOURCES, INC.,

    Plaintiff,

v.                                                                                        Case No: 8:16-cv-2669-T-30JSS

KAREN BELYEA,

    Defendant.
_____/

**ORDER ON MOTION FOR EXPEDITED DISCOVERY**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Take Expedited Discovery and for Abrogation of the Discovery Schedule. (Dkt. 16.) Plaintiff moves to conduct discovery, including depositions and written discovery, on an expedited basis before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). In moving for expedited discovery, Plaintiff argues that the discovery sought is necessary to prepare for the evidentiary hearing on Plaintiff's Motion for Preliminary Injunction on October 20, 2016. In response, Defendant argues that the discovery sought by Plaintiff cannot reasonably be completed within the limited time before the evidentiary hearing. (Dkt. 17.)

Ordinarily, a party may not seek discovery from any source before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). However, a district court has broad discretion in controlling and scheduling discovery, *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001), and Rule 26(d)(1) allows discovery before the conference occurs when authorized by court order. When determining whether to allow expedited discovery in advance of a Rule 26(f) conference, the district court will consider whether the moving party has established "good cause." *Hospitalists Mgmt. Grp., LLC v. Fla. Med.*

*Affiliates, Inc.*, No. 2:14-CV-242-FTM-38, 2014 WL 2565675, at *1 (M.D. Fla. June 6, 2014). Good cause has generally been found when the plaintiff seeks a preliminary injunction, taking into consideration, among other things, the breadth of the discovery request, the burden on the opponent to comply with the request for discovery, and how far in advance of the typical discovery process the request is made. *Sabal Trail Transmission, LLC v. 9.669 Acres of Land, More Or Less, in Polk Cty. Fla.*, No. 8:16-CV-640-T-33AEP, 2016 WL 1729484, at *2 (M.D. Fla. Apr. 20, 2016) (internal citation and quotation omitted).

Upon consideration, the Court finds that good cause exists to allow the parties to conduct discovery on an expedited basis in advance of the Rule 26(f) conference to adequately prepare for the upcoming evidentiary hearing. Nonetheless, the Court notes that this action was filed in Florida state court on September 9, 2016, and subsequently removed to the Middle District of Florida on September 16, 2016, and the evidentiary hearing was initially noticed on September 21, 2016. (Dkts. 1, 7.) Plaintiff's Motion for Expedited Discovery was not filed until October 7, 2016. (Dkt. 16.) Therefore, given the breadth of the discovery requested and the limited time before the evidentiary hearing within which to conduct discovery, the Court finds it appropriate to limit the expedited discovery to allow each party to conduct one deposition.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to Take Expedited Discovery and for Abrogation of the Discovery Schedule (Dkt. 16) is **GRANTED** in part and **DENIED** in part. Each party shall be permitted to conduct the deposition of one witness before the evidentiary hearing on October 20, 2016. The depositions may be taken in person,

- 3 -

telephonically, or by video conference as provided in Federal Rule of Civil Procedure 30(b)(4).

    **DONE** and **ORDERED** in Tampa, Florida, on October 11, 2016.

*[Signature]*
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record