UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIABLE RESOURCES, INC.,

    Plaintiff,

v.                                        Case No: 8:16-cv-2669-T-30JSS

KAREN BELYEA,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

THIS MATTER is before the Court on Plaintiff's Motion to Strike Affidavits of Kathleen Kempert and James Toth. (Dkt. 21.) Plaintiff moves to strike the affidavits of Kathleen Kempert and James Toth filed by Defendant in support of her Response in Opposition to Plaintiff's Motion for Preliminary Injunction. (Dkts. 19, 20.) Plaintiff argues that the information contained in the affidavits is irrelevant and unduly prejudicial, as "Plaintiff has not had the opportunity to cross-examine Ms. Kempert or Mr. Toth at this juncture in the proceedings." (Dkt. 21.) In response, Defendant argues that the information in the affidavits is relevant to the issues raised in the Motion for Preliminary Injunction and that the filing of such affidavits is authorized by the Local Rules. (Dkt. 23.)

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Given the limited purpose of a preliminary injunction, and the haste that is often necessary to preserve the parties' positions, "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* As such, "[p]reliminary injunctions are, by their nature, products of an expedited process often

based upon an underdeveloped and incomplete evidentiary record," *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1171 (11th Cir. 2002), and "an abbreviated set of facts," *Revette v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 740 F.2d 892, 893 (11th Cir. 1984).

In light of the above, as well as the opportunity afforded to the parties to present evidence and examine witnesses at the evidentiary hearing, the Court declines to strike the affidavits submitted by Defendant. *See Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997) ("Motions to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."). The Court finds that the information contained in the affidavits is relevant to the issues presented in Plaintiff's Motion for Preliminary Injunction, namely Defendant's alleged solicitation of customers and business relationship with Plaintiff's customers, both during and after her employment with Plaintiff. Moreover, at the preliminary injunction stage, courts may rely on affidavits. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995); M.D. Fla. Local R. 4.06(b). Plaintiff will have an opportunity to conduct full discovery and develop a full record at a later stage of these proceedings in preparation for a trial on the merits. Accordingly, it is **ORDERED** that Plaintiff's Motion to Strike Affidavits of Kathleen Kempert and James Toth (Dkt. 21) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on November 7, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record