UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIABLE RESOURCES, INC.,

    Plaintiff,

v.                                                                        Case No: 8:16-cv-2669-T-30JSS

KAREN BELYEA,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Compel the Plaintiff to (1) Provide Rule 26 Initial Disclosures, (2) Produce Documents, (3) Provide Answer to Interrogatories, and (4) for the Award for Reasonable Attorney's Fees ("Motion to Compel") (Dkt. 49) and Defendant's Motion to Determine the Sufficiency of Plaintiff's Responses and Objections to Request for Admissions ("Motion to Determine Sufficiency") (Dkt. 50). Upon consideration and for the reasons explained below, the Motion to Compel is granted in part and denied in part, and the Motion to Determine Sufficiency is granted.

## BACKGROUND

On September 9, 2016, Viable Resources, Inc. ("VR") filed a Verified Complaint for Injunctive Relief and Damages against Defendant Karen Belyea, alleging breach of contract, violation of the Florida Uniform Trade Secrets Act, tortious interference with business relations, and unjust enrichment in connection with Ms. Belyea's resignation from VR and subsequent employment with VR's customer. (Dkt. 2.) On September 29, 2017, Defendant filed her Motion to Compel and Motion to Determine Sufficiency. (Dkts. 49, 50.) Plaintiff's responses to the motions were due October 13, 2017. When Plaintiff did not file responses by that date, the Court

ordered Plaintiff to file responses on or before October 23, 2017, and advised Plaintiff that failure to respond would result in the Court considering the motions unopposed. (Dkt. 52.) To date, Plaintiff has failed to file responses to the motions.

## APPLICABLE STANDARDS

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). The court has broad discretion in managing pretrial discovery matters and in deciding to compel discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

## ANALYSIS

### A. Defendant's Motion to Compel

In her Motion to Compel, Defendant first seeks an order compelling Plaintiff to provide its Federal Rule of Civil Procedure 26(a)(1) initial disclosures. In the parties' Case Management Report, the parties agreed to exchange their initial disclosures by May 15, 2017. (Dkt. 46.) Plaintiff did not serve its initial disclosures on the deadline, and, despite Defendant's counsel's request for the initial disclosures, Plaintiff has not complied. (Dkt. 49 at 4.) Therefore, Defendant's Motion to Compel is granted as to Plaintiff's initial disclosures.

Defendant next addresses her May 1, 2017 Request for Production to Plaintiff. (Dkt. 49 at 4.) Plaintiff served its response on May 31, 2017, including objections to request numbers 1, 4, 9–12, 14–16, 18, 19, 22, 38, 40–47, and 51. (Dkt. 49 at 4.) Plaintiff did not object to request numbers 2, 3, 5–8, 13, 17, 20, 21, 23–37, 39, 48–50, 52, and 53. (Dkt. 49 at 4.) Further, Plaintiff has not produced any documents in response to the Requests for Production. (Dkt. 49 at 4.) Defendant therefore seeks an order compelling Plaintiff to produce all responsive documents. As Plaintiff failed to respond to Defendant's Motion to Compel, the Court presumes Plaintiff has no objection to Defendant's Motion to Compel. *See* M.D. Fla. Local R. 3.01(b). Thus, Defendant's Motion to Compel is granted as to the requests Plaintiff did not object to, which are request numbers 2, 3, 5–8, 13, 17, 20, 21, 23–37, 39, 48–50, 52, and 53.

With regard to the remaining requests, Defendant's Motion to Compel is granted as to request numbers 15, 19, 22, 38, 43, 44, 45, 46, and 47. However, Defendant's Motion to Compel is denied as to request numbers 9, 10, 11, 14, 16, 41, 42, and 51 because the requests are overly broad and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Defendant's Motion to Compel is granted in part as to request numbers 4, 12, 18, and 40. Defendant's request number 4 seeks "[a]ny and all employee handbooks, employee manuals, and employment policies and procedures put into effect after the Defendant's employment by the Plaintiff ended." (Dkt. 49 at 5.) Defendant states that she is willing to limit the request to "any and all provisions regarding confidentiality and restrictive covenants of any sort contained in any and all employee handbooks, employee manuals, employment policies and procedures put into effect after the Defendant's employment by the Plaintiff ended." (Dkt. 49 at 5.) Therefore, Defendant's Motion to Compel is granted in part as to request number 4, as modified and limited above.

Defendant's request number 12 seeks "[a]ny and all agreements, contracts, offer letters or other documents purporting to create contractual obligations of any sort between the Plaintiff and its employees, independent contractors and consultants." (Dkt. 49 at 7.) As framed, the request is overly broad and unduly burdensome under Rule 26(b)(1). However, the requested documents between Plaintiff and Defendant are relevant and proportional to the needs of the case. The Court therefore grants Defendant's Motion to Compel as to request number 12 in part and limits the request to "any and all agreements, contracts, offer letters, or other documents purporting to create contractual obligations of any sort" between the Plaintiff and Defendant.

Defendant's request number 18 seeks "[a]ny and all documents, communications and correspondence related to any alleged information or trade secret information or other proprietary information to which the Plaintiff claims the Defendant had access during her employment including the information referenced in paragraph 27 of the Complaint." (Dkt. 49 at 10.) Defendant states in her Motion to Compel that she is willing to limit request 18 to "documents sufficient to show any and all alleged confidential information or trade secret information or other proprietary information which the Plaintiff claims the Defendant has misappropriated as part of this action." (Dkt. 49 at 10.) The Court finds this discovery relevant to Plaintiff's claims. Therefore, Defendant's Motion to Compel is granted in part as to request number 18, as modified and limited above.

Defendant's request number 40 states "[l]ist and provide copies of any and all trade secret information, confidential information or other proprietary information of the Plaintiff allegedly taken by or used by the Defendant following the end of her employment by the Plaintiff." (Dkt. 49 at 12.) While communicating with Plaintiff in an attempt to resolve Plaintiff's objection to providing a "list," Defendant stated that it would withdraw the request for a list. (Dkt. 49 at 12.)

Accordingly, Defendant's Motion to Compel is granted in part as to request number 40 with the limitation that Plaintiff is only required to provide copies, not a list, of the requested documents.

Defendant also seeks an order compelling Plaintiff to provide responses to Defendant's First Set of Interrogatories to Plaintiff. (Dkt. 49 at 14.) Defendant served Plaintiff with fourteen interrogatories on May 1, 2017. (Dkt. 49 at 14.) Plaintiff served objections to interrogatory numbers 3, 9, 10, 11, 12, 13, and 14. (Dkt. 49 at 14.) However, Plaintiff has neither objected to interrogatory numbers 1, 2, and 4–8, nor provided substantive responses. (Dkt. 49 at 14.) Defendant's Motion to Compel is granted as to interrogatory numbers 1, 2, and 4–8 as Plaintiff failed to respond to the interrogatories and failed to respond to the Motion to Compel. (Dkt. 49 at 14.)

Upon review of Defendant's interrogatory numbers 3, 9, 10, 11, 12, 13, and 14, the Court grants Defendant's Motion to Compel responses to interrogatories 3, 9, 13, and 14 as the interrogatories seek information that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Defendant's Motion to Compel is granted in part as to interrogatory number 12. Specifically, the Motion to Compel is granted as to subsections (a), (d), and (i) and denied as to subsections (b), (c), (e), (f), (g), and (h) of interrogatory number 12. Defendant's Motion to Compel is denied as to interrogatories 10 and 11 as the requests seek information that is not relevant to Plaintiff's claims. Fed. R. Civ. P. 26(b)(1).

**B.    Defendant's Motion to Determine Sufficiency**

In the Motion to Determine Sufficiency, Defendant moves the Court to compel responses to Defendant's First Set of Requests for Admission to Plaintiff. (Dkt. 50.) On May 3, 2017, Defendant served her requests for admission to Plaintiff, and Plaintiff served her responses on June 2, 2017. (Dkt. 50 at 1.) Defendant now contends that Plaintiff's responses to requests number 5,

7–11, 13, 14, 24, 29–31, and 34 are insufficient.  (Dkt. 50 at 4.)  Specifically, Defendant argues Plaintiff's responses are insufficient because Plaintiff either responded that it was "unable to admit or deny" the requests or that it "did not have sufficient information to admit or deny" the requests.  (Dkt. 50 at 5.)  Defendant now seeks an order deeming the requests in Defendant's First Set of Requests for Admission admitted or, in the alternative, requiring Plaintiff to admit or deny each of the requests at issue.  (Dkt. 50 at 4.)  Because Plaintiff failed to respond to Defendant's Motion to Determine Sufficiency, the Court presumes Plaintiff has no objection to Defendant's Motion.  *See* M.D. Fla. Local R. 3.01(b).

Under Federal Rule of Civil Procedure 36, requests for admission may be served on a party to admit, for purposes of the pending action only, the truth of any matters within the scope of discovery relating to: (1) facts, the application of law to fact, or opinions about either; and (2) the genuineness of any described documents.  Fed. R. Civ. P. 36(a)(1).  A party may not, however, request an admission of a legal conclusion.  *In re Tobkin*, 578 F. App'x 962, 964 (11th Cir. 2014).  Rather, a request for admission may only request an admission of "'facts, the application of law to fact, or opinions about either.'"  *Id.* (quoting Fed. R. Civ. P. 36(a)(1)).  Rule 36 further addresses the requirements in answering requests for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).  Rule 36(a)(6) also provides that the "requesting party may move to determine the sufficiency of an answer or objection."  Fed. R. Civ. P. 36(a)(6).  On finding that an

answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." *Id*.

Upon review of the subject requests and Plaintiff's responses, the Court finds Plaintiff's responses to request numbers 5, 7–11, 13, 14, 29–31, and 34 insufficient. In its responses to request numbers 5, 7–11, 13, 14, 31, and 34, Plaintiff objects and states that it is "unable to admit or deny" the requests. (Dkt. 50 at 1–4.) Plaintiff's objections do not comply with the Rule 36 requirement to "state in detail why the answering party cannot truthfully admit or deny" the request." Fed. R. Civ. P. 36(a)(4). Plaintiff's stated reason for being unable to admit or deny most of the requests is that "Defendant has testified that she has no specific recollection of executing" the employment agreement between Plaintiff and Defendant. (Dkt. 50 at 2–4.) However, this reasoning does not prevent the Plaintiff from answering the requests. For example, request number 10 asks Plaintiff to admit or deny that Defendant received the same compensation before and after she executed the employment agreement. (Dkt. 50 at 2.) It is unclear how Defendant's testimony regarding her recollection of executing the employment agreement would affect Plaintiff's knowledge of its compensation to Defendant.

Further, Plaintiff's responses to request numbers 24, 29, and 30 are also insufficient. Plaintiff denied the requests stating that it "does not have sufficient information to admit or deny this request." (Dkt. 50 at 3–4.) However, this does not comply with the requirement that a party "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Rather, Plaintiff appears to be both denying the requests and stating that it lacks knowledge to respond to the requests. Accordingly,

Defendant's Motion to Determine Sufficiency is granted, and Plaintiff shall amend its responses to comply with Rule 36 and admit or deny each of the requests at issue.

**ORDERED**:

1. Defendant's Motion to Compel the Plaintiff to (1) Provide Rule 26 Initial Disclosures, (2) Produce Documents, (3) Provide Answer to Interrogatories, and (4) for the Award for Reasonable Attorney's Fees (Dkt. 49) is **GRANTED** in part and **DENIED** in part. Defendant's Motion to Compel is denied with respect to the request for fees and costs incurred in connection with the Motion.

2. Defendant's Motion to Determine the Sufficiency of Plaintiff's Responses and Objections to Request for Admissions (Dkt. 50) is **GRANTED**.

3. Plaintiff shall serve its Rule 26(a)(1) initial disclosures within fourteen (14) days of this Order.

4. Plaintiff shall serve its amended discovery responses and produce all documents responsive to Defendant's discovery requests in accordance with this Order within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on October 30, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record